IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA BROWN,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO.  11-2697 |
| **UDREN LAW OFFICES PC, ET AL.,** : | |
| Defendants. : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                        **September ___, 2011**

      Presently before this Court is Defendant Deutsche Bank's Motion to Dismiss (Doc. 4), Defendant Udren Law Office's Motion to Dismiss (Doc. 5), and Plaintiff's Response in Opposition thereto (Doc. 8).  For the reasons set forth below, the Court grants in part and denies in part Defendants' motions.

**I.  BACKGROUND**

      This case involves collection activities stemming from a mortgage foreclosure.  At all relevant times, Defendant Udren Law Offices P.C. ("Udren") provided legal services to and acted on behalf of Defendant Deutsche Bank National Trust Company ("Deutsche Bank").  On January 20, 2009,  Defendant Udren commenced a foreclosure action on behalf of Deutsche Bank against Plaintiff and her brother by filing a complaint ("mortgage complaint") in the Chester County Court of Common Pleas to foreclose on the mortgaged premises located at 75W Central Avenue, Paoli, PA 19301 ("Property") because Plaintiff and her brother had defaulted on the mortgage obligations.  On April 1, 2009, as Plaintiff had not filed an answer to the foreclosure complaint, Defendants filed for default judgment and petitioned for a writ of execution in the amount of

$164,378.69 with interest in the amount of $2500.00, which the lower court granted.  On April 2, 2009, Defendants filed a Notice of Sheriff's Sale of the property.

Plaintiff alleges that the property was owned by her, her brother and her mother, Mattie Wells, who died in June 2008.  Plaintiff also alleges that after learning of the July 2009 sheriff sale, counsel for the Estate of Mattie Wells informed Defendants that the Estate may have an interest in the property.  On June 18, 2009, Defendant Udren withdrew the judgment entered in the foreclosure action and subsequently filed a motion for leave to amend the mortgage complaint to add the executors of Mattie Wells' estate as defendants.  On September 24, 2009, the Court of Common Pleas granted the motion to amend.

Plaintiff alleges that, despite the fact that the judgment had been withdrawn, Defendant proceeded with the sheriff sale and on December 17, 2009, Defendant Udren filed for a writ of execution.  Plaintiff alleges the writ wrongfully stated that Defendant had a judgment in the amount of $164,378.69 with interest in the amount of $9575.00.  On December 18, 2009, Defendant again filed a Notice of Sheriff's sale and posted the Notice, containing a reference to the judgment, on the property.  According to Plaintiff, on multiple occasions during 2010, Defendants filed various documents related to the sheriff sale which falsely represented that Defendants had a judgment against Plaintiff.

Plaintiff contends that all of Defendants' filings after June 18, 2009 which stated that Defendants had a judgment against Plaintiff were false.  Plaintiff further alleges that as a result of these false representations, she has suffered and continues to suffer humiliation, embarrassment, mental anguish, and severe emotions and physical distress, including headaches.  Plaintiff's Amended Complaint contains three claims: abuse of process, intentional infliction of emotional

distress, and violation of the Fair Debt Collections Practices Act ("FDCPA"), 12 U.S.C. § 1692 et seq. by falsely representing the legal status of the debt.

On February 7, 2011, Plaintiff filed a Writ of Summons in the Court of Common Pleas of Chester County, Pennsylvania, initiating this matter against Defendants Udren and Deutsche Bank.  On or about February 23, 2011, Plaintiff filed a Complaint asserting claims for abuse of process and intentional infliction of emotional distress. On March 9, 2011, Defendant Udren filed Preliminary Objections to the Complaint.  On March 22, 2011, Plaintiff filed an Amended Complaint raising the same claims for abuse of process (Count I) and intentional infliction of emotional distress ("IIED") (Count II), and added a third claim for violation of the Fair Debt Collection Practices Act ("FDCPA") (Count III).  On April 21, 2011, Deutsche Bank removed the matter to federal Court.  Plaintiff later withdrew her cause of action for abuse of process, leaving only Counts II and III for IIED and violation of the FDCPA.  On April 28, 2011, Defendant Deutsche filed a Motion to Dismiss (Doc. 4).  The same day, Defendant Udren filed a Motion to Dismiss (Doc. 5).  On May 17, 2011, Plaintiff filed a Response in Opposition to both motions (Doc. 8).  The Court now addresses these pending motions.

## II.  LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

In making this determination, the question before the court is not whether the plaintiff will ultimately prevail, but whether the plaintiff can prove any set of facts consistent with his or her allegations that will entitle him or her to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (explaining that the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Though detailed factual allegations are not required, the United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.' " Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal,129 S.Ct. 1937, 1950 (2009). There the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949.

In evaluating whether a Plaintiff has met the pleading requirements, a district court must identify "the 'nub' of the ... complaint—the well-pleaded, nonconclusory factual allegation [s]." Id. "[O]nly a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 1950.

In light of the decisions in Twombly and Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211.

The defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

The "Third Circuit Rule" permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975).

**III. DISCUSSION**

As aforementioned, Plaintiff withdrew her cause of action for abuse of process. Thus, the Court need only address whether Plaintiff's Amended Complaint sufficiently alleges claims for a violation of the FDCPA and intentional infliction of emotional distress.

A.  Intentional Infliction of Emotional Distress

For the reasons that follow, the Court finds that Plaintiff has failed to state a claim for intentional infliction of emotional distress ("IIED"). Plaintiff argues that she sufficiently alleged the elements of IIED. She alleges Defendants repeatedly mischaracterized the legal status of the debt by filing various paperwork indicating that they had a judgement against Plaintiff when they did not have a judgment. Plaintiff contends that she was humiliated, embarrassed and suffered headaches when Defendants' listed the property for sheriff sale and posted notices on the property for all to see. Defendants counter that Plaintiff has not and cannot make out a claim for IIED because she has not alleged outrageous conduct or physical harm.

Although the Pennsylvania Supreme Court has not expressly adopted the tort of IIED as defined in the Second Restatement on Torts, "the third circuit has confronted this question ... and has repeatedly held that Pennsylvania does recognize the tort, in spite of 'speculation' to the contrary." Weinstein v. Bullick, 827 F.Supp. 1193, 1203 (E.D. Pa.1993) (citing Silver v. Mendel, 894 F.2d 598, 606 (3d Cir.1990)). To sustain an IIED claim, a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused emotional distress; and (4) the resultant emotional distress was severe. Bruffett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982). As recently as 1998 the Pennsylvania Supreme Court addressed the possibility of recovery under this tort in Hoy v. Angelone, 720 A.2d 745 (Pa. 1998).

Hoy confirmed that intentional infliction of emotional distress is a tort of very limited applicability. To recover under the tort, a plaintiff in Pennsylvania must have medical evidence to support an allegation of resulting physical harm. See Kazatsky v. King David Memorial Park, 527 A.2d 988, 995 (Pa. 1987). Additionally, a plaintiff must prove conduct that is "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Hoy, 720 A.2d at 754 (quoting Buczek v. First Nat'l Bank of Mifflintown, 531 A.2d 1122, 1125 (Pa. 1987)). A claim for intentional infliction of emotional distress can be made only in cases of "the most egregious conduct" Id.  Examples of such behavior include a driver fatally striking plaintiff's son and, without notifying the authorities, burying the body a in field, Papieves v. Lawrence, 263 A.2d 118 (Pa. 1970); defendants intentionally falsifying records to implicate plaintiff in a homicide for which plaintiff later went to jail, Banyas v. Lower Bucks Hosp., 437 A.2d 1236 (Pa. Super.1986); and a doctor telling the press that plaintiff was suffering from a fatal disease when the doctor knew that information was false, Chuy v. Eagles Football Club, 595 F.2d 1265 (3d Cir. 1979).

> Where a party has a legal right to proceed with a foreclosure, the sending of a notice of intention to foreclose as required by state procedure can give rise to no cause of action for intentional infliction of emotional distress.  In [the Court's] view, *even if defendant did not have a right to foreclose*, providing notice of intention to foreclose, would not, absent a clear showing of knowledge that there was no right to foreclose, provide a basis for a cause of action for intentional infliction of emotional distress.

Numerof v. Cont'l Title Ins. Co., 1987 WL 30135, at *5 (E.D. Pa. Dec. 24, 1987) (emphasis added).  See also Wilson v. Am. Gen. Fin. Inc., 2011 WL 3444168 (W.D. Pa. Aug. 8, 2011) (defendants' untrue statements that plaintiff's accounts were past due as a result of untimely or delinquent payments, "[s]tanding alone, . . . does not rise to the level of being shocking and so outrageous that it exceeds the levels of decency tolerated by a civilized society"); Clay v. Option One Mortgage Corp., 2007 WL 2728972, at * 4 (E.D. Pa. Sept. 18, 2007) (dismissing claim for IIED based upon defendants' false listing of the plaintiff as mortgagor in an advertisement for a

sheriff's sale after concluding that "[s]uch conduct does not 'go beyond all possible bounds of decency'' and is not "regarded as atrocious, and utterly intolerable in a civilized community'").

Here, Plaintiff alleges only that various documents related to the foreclosure action falsely indicated that Defendants had obtained a judgement against her.  Plaintiff does not allege that she was not in default of her mortgage obligations.  Plaintiff also does not allege that Defendants did not have the right to foreclose on the property.  Plaintiff appears to contest the procedural defect that Defendants, who had once properly obtained a default judgment against Plaintiff and later withdrew the default in response to Plaintiff's contention that her mother's estate had an interest in the property - a contention in itself that ultimately turned out to be false - did not reinstate the judgment prior to recommencing foreclosure activities.  Such conduct may have violated the FDCPA.  But, this conduct alone is not so outrageous, so extreme, or so beyond the bounds of decency to support a separate cause of action for IIED under Pennsylvania law.  Accordingly, Plaintiff's claim for IIED must be dismissed as to both Defendants.  Further, the Court finds that granting leave to amend would be futile as Plaintiff cannot allege any set of facts that would sufficiently make out a prima facie claim for IIED.

    B.  Fair Debt Collections Practices Act

Plaintiff alleges, and Defendants do not contest, that after Defendants withdrew the judgment entered against her in the foreclosure action, Defendants continued with the foreclosure action and filed several documents indicating that Defendants still in fact had a judgement against her.  Plaintiff alleges that this conduct, specifically the mischaracterization of the status

of the debt, violates the FDCPA.[1]  Now, for different reasons, both Defendants argue that Plaintiff's claim should be dismissed.  For the reasons that follow, the Court finds that Defendants motions to dismiss Plaintiff's FDCPA claim must be denied.

### i.  Defendant Deutsche Bank

Defendant Deutsche Bank claims that it is the holder of the mortgage and is thus a creditor and not a debt collector, and thus cannot be held liable for FDCPA violations.  Plaintiff asserts, inter alia, that documents attached to the Complaint in Foreclosure state that American Home Mortgage Servicing Inc. ("AHMS") is actually the creditor.  Plaintiff further alleges that Defendant Deutsche Bank is a loan servicer and is covered by the FDCPA.

"[The FDCPA] provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). "The FDCPA's provisions generally apply only to 'debt collectors.' " Id. at 403 (citing Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000)). "Creditors-as opposed to 'debt collectors'-generally are not subject to the FDCPA." Id.  To the contrary, loan servicers who begin servicing a debt that was in default at the time the servicer obtained it, are considered "debt collectors" under the FDCPA. 15 U.S.C. §

---

[1]  The FDCPA provides that

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of-(A) the character, amount, or legal status of any debt ....

15 U.S.C. § 1692e(2)(A), (2).

1692a(6)(F); see <u>Dawson v. Dovenmuehle Mortgage, Inc.</u>, No. 00-6171, 2002 WL 501499, at *5 (E.D. Pa. Apr.3, 2002) (citing <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir.1985)).

Here, the Court finds that it is not clear whether Defendant Deutsche was a creditor or loan servicer. Moreover, if Defendant Deutsche was a loan servicer, it is not clear whether the loan was in default at the time Defendant Deutsche obtained it. Nonetheless, in light of this early stage of litigation and the requirements of notice pleading, because Plaintiff has sufficiently alleged that Defendant was a loan servicer, her Complaint sufficiently pleads that Defendant Deutsche is covered by the FDCPA. Moreover, whether Defendant Deutsche is a debt collector is a matter more properly developed at the close of pleadings or through discovery. Accordingly, Defendant Deutsche has not met its burden of establishing that Plaintiff's complaint fails to state a claim and it's motion to dismiss the FDCPA claim is denied.

  ii. Defendant Udren Law Offices, P.C.

Relying on <u>Schaffhauser v. Citibank</u>, 340 Fed. App'x 128 (3d Cir. 2009), Defendant Udren claims that Plaintiff's FDCPA claim is barred by the one year statute of limitations. Defendant further contends that Plaintiff cannot assert a continuing violation occurred to properly be within the one year limitations period. Plaintiff counters, and the Court agrees, that Defendant's reliance on <u>Schaffhauser</u> is misplaced and her FDCPA claim is not barred by the statute of limitations because she has alleged discrete acts that occurred within the year before she filed her Complaint.

The FDCPA requires that a civil liability claim be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). When FDCPA claims are predicated upon improperly bringing debt collection litigation, the one-year limitations period begins to run—at

latest—when the debtor is served with process.  See Schaffhauser, 340 Fed. App'x at 130–31 (holding FDCPA claim barred where filed four years after debt collector filed suit to collect the debt).  Conduct which independently violates the FDCPA, however, is actionable if it falls within the limitations period, even if undertaken in pursuit of litigation that was filed outside the limitations period.  Jones v. Inv. Retrievers, LLC, 2011 WL 1565851, at * 3 (M.D. Pa. Apr. 25, 2011).  Accordingly, new communications about old claims constitute independent violations of the FDCPA when the new communications independently violate the FDCPA.  See id.

For example, in Jones, the plaintiff alleged the defendants violated the FDCPA when they, inter alia, "failed to provide her with documents supporting alleged entitlement to payment, failed to provide her attorney with documents upon request, [and failed to provide] . . . supporting documentation verifying the debt"  2011 WL 1565851, at * 4.  In support of their motion to dismiss, the defendants argued that the plaintiff's allegations were barred by the statute of limitations "because the failure to provide documents relate[d] back to the filing of the original 2006 . . . action".  Id.  The Court disagreed and denied the defendants' motion to dismiss, reasoning that "it [was] not clear on the face of the complaint that any possible violation of the FDCPA would relate back to the filing of the lawsuit; i.e., that these were simply new communications about old claims."  Id.

In Schaffhauser, the Third Circuit explained that for claims based on *improperly bringing* the debt collection litigation, the one year statute of limitations period begins to run from either the date of filing the foreclosure action or the date of service.  Here, Plaintiff's Complaint actually alleges that Defendants *falsely represented the character and legal status of the debt* in multiple documents, several of which were filed within the one year preceding the

filing of Plaintiff's Complaint. Because the court finds that Plaintiff's Complaint was filed within one year of the most recent alleged FDCPA violation and Plaintiffs have alleged a continuing violation, Defendant's motion to dismiss on the basis of the statute of limitations must be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss Plaintiff's Complaint. An appropriate order follows.